

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

June 11, 2024

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re: *United States v. Elijah DeFreese*, 24 Cr. 00016 (KMK)

Dear Judge Karas:

    The Government respectfully submits this letter in advance of the sentencing of Elijah DeFreese. DeFreese pleaded guilty to an Information charging him with one count of possessing ammunition knowing that he had previously been convicted of a felony, in violation of 18 United States Code Section 922(g)(1). The parties agree with the calculation by the U.S. Probation Office that the applicable Guidelines range is 27 to 33 months' imprisonment. For the reasons explained below, a sentence within the applicable Guidelines range would be sufficient but not greater than necessary to achieve the purposes of sentencing in this case.

**I. Offense Conduct**

    On March 31, 2023, DeFreese was observed purchasing ammunition at a gun and ammo store in Milford, Pennsylvania. (PSR ¶ 8.). Specifically, DeFreese purchased three boxes of .22 caliber long-range bullets (holding 525 bullets per box), and the transaction was captured on the gun shop's surveillance video. (PSR ¶¶ 9-10.). During a lawful search of DeFreese's residence on September 20, 2023, law enforcement recovered the three boxes of ammunition. (PSR ¶ 12.)

    At the time of this offense, DeFreese was not legally permitted to possess a firearm or ammunition because he previously had been convicted of three felonies. DeFreese was convicted on or about October 1, 2007, in Passaic County Superior Court, of (i) Aggravated Assault by Pointing a Firearm, in violation of New Jersey Criminal Code 2C:12-1b(4), and (ii) Terrorist Threats, in violation of New Jersey Criminal Code 2C:12-3. (PSR ¶ 31.). Thereafter, on or about May 31, 2018, DeFreese was convicted in Orange County Court of Grand Larceny 4th, in violation of New York Penal Law 155.30. (PSR ¶ 42.).

    For the instant offense, DeFreese was charged by complaint dated September 20, 2023, with one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). On January 10, 2024, DeFreese waived prosecution by indictment and consented to the filing of a

one-count information charging him with the same one offense. That same day, DeFreese pleaded guilty before a U.S. Magistrate Judge, without a plea agreement, to the Information. Thereafter, the plea allocution was accepted by this Court on May 15, 2024. Dkt. 17.

## II. The Guidelines Calculation

The parties agree with Probation, which calculated the applicable Guidelines range as follows:

Pursuant to U.S.S.G. Section 2K2.1(a)(6), the base offense level is 14 because the defendant was a prohibited person (a felon) at the time he committed the instant offense.[1] (PSR ¶ 20.). A two-level decrease for acceptance of responsibility is warranted pursuant to U.S.S.G. Section 3E1.1(a). (PSR ¶ 27.) Therefore, the total offense level is 12. (PSR ¶ 27.)

The Government notes that during DeFreese's interview with Probation, he stated that his family enjoys hunting and that DeFreese purchased the ammunition at issue for his minor son, who is unable to purchase ammunition because of his age. (PSR ¶ 31.). Notably, however, DeFreese has not claimed to Probation, nor has he argued in his sentencing submission to this Court, that he is eligible for a reduction in his offense level under U.S.S.G. § 2K2.1(b)(2), which provides a reduction for certain defendants who, *inter alia*, "possessed all ammunition and firearms *solely* for *lawful* sporting purposes." U.S.S.G. § 2K2.1(b)(2) (emphasis added). The Government's position is that the DeFreese, who bears the burden of proving entitlement to any such reduction, has not done so. *See United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012). The Government understands that Probation also believes the reduction does not apply.

Under U.S.S.G. Sections 4A1.1(a) and 4A1.2(e)(1), DeFreese's prior October 1, 2007 convictions for (i) Aggravated Assault by Pointing a Firearm, in violation of New Jersey Criminal Code 2C:12-lb(4), and (ii) Terrorist Threats, in violation of New Jersey Criminal Code 2C:12-3, result in **three criminal history points** because they resulted sentences of 3 years' imprisonment (terrorist threats) and 18 months' imprisonment (aggravated assault). (PSR ¶ 31.). These offenses are counted as a single offense under U.S.S.G. Section 4A1.2(a)(2).

Pursuant to U.S.S.G. § 4A1.1(c), **one criminal history point** is added because on or about April 30, 2019, DeFreese was convicted upon a plea of guilty in Ulster Town Court to Criminal Possession of Stolen Property in the Fifth Degree in violation of New York Penal Law 165.40, and was sentenced on or about April 30, 2019, principally to a fine of $200.

---

[1] On or about November 13, 2023, the Government provided DeFreese, through counsel, with a *Pimentel* letter that mistakenly calculated his base offense level as 12. As the Court is well aware, and as was noted in the Government's letter, *Pimentel* letters are not binding and do not limit the right of the Government to change its position. *See Lesane v. United States*, No. 12 CR. 524 (PGG), 2020 WL 353454, at *13 (S.D.N.Y. Jan. 20, 2020); *Mercedes-Valdez v. United States*, No. 08-CR-1137-1 (RJS), 2016 WL 7448062, at *5 (S.D.N.Y. Dec. 23, 2016); *United States v. Allen*, 644 F. Supp. 2d 422, 430 (S.D.N.Y. 2009). DeFreese does not argue otherwise.

Pursuant to U.S.S.G. § 4A1.1(c), **one criminal history point** is added because on or about November 14, 2018, the defendant was convicted upon a plea of guilty in Warwick Village Court to Criminal Possession of a Controlled Substance in the Seventh Degree in violation of New York Penal Law 220.03, and was sentenced on or about November 14, 2018, principally to a fine of $500.  (PSR ¶ 41.).

Pursuant to U.S.S.G. § 4A1.1(c), **one criminal history point** is added because on or about October 13, 2015, the defendant was convicted upon a plea of guilty in Montgomery Town Court to Criminal Possession of a Controlled Substance in the Seventh Degree in violation of New York Penal Law 220.03, and was sentenced on or about October 13, 2015, principally to conditional discharge and a $500 fine.  (PSR ¶ 38.).

Pursuant to U.S.S.G. § 4A1.1(c), **one criminal history point** is added because on or about September 18, 2015, the defendant was convicted upon a plea of guilty in Middletown City Court to Driving While Intoxicated in violation of New York Vehicle and Traffic Law 1192(3), and was sentenced on or about October 22, 2015, principally to a fine of $500.  (PSR ¶ 40.).

Pursuant to U.S.S.G. § 4A1.1(c), **one criminal history point** is added because on or about February 11, 2015, the defendant was convicted upon a plea of guilty in Newburgh City Court to Petit Larceny in violation of New York Penal Law 155.25, and was sentenced on or about February 11, 2015, principally to a fine of $200.  (PSR ¶ 39.).

These criminal convictions result in a  total of 10 criminal history points.  (PSR ¶ 45.).  A maximum of four points are counted under U.S.S.G. §4A1.1(c).

Accordingly, DeFreese has a total of 10 criminal history points and is in criminal history category V.  (PSR ¶ 46.).  A total offense level of 23 and criminal history category V yields an advisory Guidelines range of 27 to 33 months' imprisonment.  (PSR ¶ 70.).

### III.  Applicable Law

The Sentencing Guidelines continue to provide important guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  Though they are advisory and not mandatory, the Sentencing Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."  *Gall v. United States*, 552 U.S. 38, 46 (2007).  It follows that district courts should treat the Sentencing Guidelines as the "starting point and the initial benchmark" in sentencing proceedings.  *Id.* at 49; *see also Booker*, 543 U.S. at 264 (explaining that district courts must "consult" the Sentencing Guidelines and "take them into account" when sentencing).  Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  *Gall*, 552 U.S. at 49.

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence

Page 3

disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## IV.   A Sentence Within the Guidelines Range Is Appropriate

A sentence within the applicable Guidelines range of 27 to 33 months' imprisonment would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

*First*, such a sentence would reflect the nature and seriousness of the offense conduct, as well as the history and characteristics of the defendant. DeFreese has a history of serious illegal conduct, including conduct involving a firearm. On October 1, 2007, DeFreese was convicted of Aggravated Assault by Pointing a Firearm, which required that he knowingly, under circumstances manifesting extreme indifference to the value of human life, pointed a firearm at or in the direction of another person. *See* New Jersey Criminal Code 2C:12-lb(4). DeFreese has also been convicted of driving while intoxicated. (PSR ¶ 40.). Moreover, there are two active orders of protection against DeFreese, and there were additional orders of protection against DeFreese that have since expired. (PSR ¶ 47.). The Government acknowledges that DeFreese had a tumultuous childhood and has faced substance abuse and mental health challenges. But this was DeFreese's fourth criminal felony conviction and 16th adult conviction overall and he was 44-years old at the time of the instant offense.

With regards to the instant offense, DeFreese claims that he purchased the ammunition for his minor son (now 16) who hunts, and that DeFreese planned to keep the ammunition in his home because he did not want his son, who primarily lives with his mother, to have both a firearm(s) and ammunition in the same household. (PSR ¶ 17.). But DeFreese does not explain who purchased/owns the gun(s) kept in the home with his son, who as a general matter cannot legally purchase or possess them under New Jersey law. *See N.J. Stat. Ann. § 2C:58-6.*1a. DeFreese also does not state whether he or any other members of his family have hunting permits allowing them to legally hunt, or why someone else who was not a convicted felon couldn't purchase/hold the ammunition if it was for legitimate purposes.

*Second*, a sentence within the Guidelines range is necessary for specific and general deterrence. DeFreese has many prior convictions but has not served meaningful time in prison. DeFreese has shown a tendency to recidivate, has previously violated the terms of his probation, and has demonstrated little respect for the law. A sentence within the Guidelines is warranted in this case as specific deterrence. Such a sentence also would send a strong signal that the illegal possession of ammunition will be dealt with seriously.

*Lastly*, for the reasons noted above, a sentence within the Guidelines range would protect the public by preventing DeFreese, who is likely to recidivate, from committing future crimes.

## V. Conclusion

For the reasons set forth above, the Court should impose a sentence within the applicable Guidelines range of 27 to 33 months' imprisonment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Shaun Werbelow
Assistant United States Attorneys
Tel: (914) 993-1962

Cc:   Jon C. Dupee, Jr., Esq.